948 F.2d 1292
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Otho L. HARRIS, Plaintiff/Appellant,
v.
Wendel HORNEY and Shirley Calhoun, Defendants/Appellees.
 No. 90-3037.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 2, 1991.[1]
Decided Nov. 13, 1991.
 
 Before POSNER, COFFEY and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Otho L. Harris is an inmate at the Henry Hill Correctional Center in Galesburg, Illinois. Mr. Harris filed a civil rights claim in the district court pursuant to 42 U.S.C. § 1983, alleging Eighth Amendment violations by prison employees. Mr. Harris appeals a district court order dismissing his complaint for failure to state a claim upon which relief may be granted.
 
 I. FACTS
 
 2
 Otho Lee Harris was assigned to act as a prison welder at the Henry Hill Correctional Center. Mr. Harris is an experienced welder. After he received his work assignment, Mr. Harris verbally requested high-top work boots from the supervisor of the inmate clothing department. These boots are "safety" boots, and are designed to protect the wearer from injury. Defendant/appellee Wendel Horney was the supervisor of the inmate clothing department at that time. Mr. Horney denied Mr. Harris' boot request and told him to "get out." Approximately a month later, Mr. Harris was accompanied by his supervisor and again requested a pair of safety boots from the inmate clothing department, this time filling out a requisition. Mr. Horney yelled at the plaintiff to "get out of here" after Mr. Harris completed the request. On April 24, 1989, three days following the second boot request, Mr. Harris was welding when a "red hot piece of slag and/or spatter" fell from the metal he was welding onto his ankle. The metal caused a second-degree burn a little larger than the size of a quarter. Mr. Harris notified his supervisor of the burn. Mr. Harris was then escorted to the inmate clothing department, where Mr. Horney issued him safety boots upon learning of the injury.
 
 
 3
 Mr. Harris returned to his cell, and at that time requested to be put on the "nurses screening call line." He cleaned his wound, and fell asleep. Mr. Harris was not contacted by a nurse. The following day, Mr. Harris reported to his work assignment, but informed the supervisor that he required medical attention. The supervisor had Mr. Harris escorted to the health care unit, where Mr. Harris was left to wait for treatment. Defendant/appellee Shirley Calhoun was a nurse on duty at the health care unit. Without examining the injury, Ms. Calhoun asked Mr. Harris when the injury had occurred, and if the burn had formed a blister. She then instructed Mr. Harris to request "nurses screening call line," but did not wait to hear Mr. Harris' response that he had already made this request. Shortly thereafter, Mr. Harris spoke with an assistant prison warden, who accompanied Mr. Harris to the health care unit and insured that his burn was treated. Mr. Harris filed an institutional grievance which resulted in an inquiry board decision stating that Mr. Horney and Ms. Calhoun had acted "less than careful or concerned" for Mr. Harris' well-being.
 
 
 4
 Mr. Harris filed a civil rights complaint against Mr. Horney and Ms. Calhoun. The district court dismissed Mr. Harris' complaint for failure to state a claim. On appeal, Mr. Harris states the following. (1) that appellees Horney and Calhoun subjected him to cruel and unusual punishment by denying him work boots and failing to treat his injury, respectively, and (2) that he was forced into involuntary servitude by facing punishment if he decided not to perform his work assignment without safety boots. These alleged violations, Mr. Harris claims, also denied him equal protection of the law.[2]
 
 II. ANALYSIS
 
 5
 A pro se prisoner's complaint must be construed liberally, and an uncounseled plaintiff is entitled to the opportunity to offer proof unless the court determines beyond a reasonable doubt that the plaintiff is unable to prove any set of facts under which relief could be granted. Kelley v. McGinnis, 899 F.2d 612, 616 n. 8 (7th Cir.1990). This liberal construction applies to any pro se complaint, "however inartfully pleaded." Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 292 (1976) (quoting Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 596 (1972)); see Pearson v. Gatto, 933 F.2d 521, 527 (7th Cir.1991); Ricketts v. Midwest Nat'l Bank, 874 F.2d 1177, 1183 (7th Cir.1989). A plaintiff's allegations must be accepted as true when reviewing the case under a motion to dismiss. Estelle v. Gamble, 429 U.S. at 99; Ricketts v. Midwest Nat'l Bank, 874 F.2d at 1183. This court reviews an appeal of the dismissal of a complaint under a de novo standard of review. Rockford Mutual Ins. Co. v. Amerisure Ins. Co., 925 F.2d 193, 195 (7th Cir.1991).
 
 A. The Eighth Amendment Claims
 
 6
 a. Appellee Horney
 
 
 7
 The Eighth Amendment, through the Fourteenth Amendment, forbids states to inflict cruel and unusual punishment upon convicted criminals. Wilson v. Seiter, --- U.S. ----, ----, 111 S.Ct. 2321, 2323 (1991). The Eighth Amendment is violated when two requirements are fulfilled. First, a sufficiently serious deprivation or infliction of pain must occur. This standard is evaluated objectively. Id. at ----, 111 S.Ct. at ----. A deprivation is sufficiently serious when it denies the "minimal civilized measure of life's necessities". Id. at ----, 111 S.Ct. at 2324. An infliction of pain is sufficiently serious to be an Eighth Amendment violation when it is unnecessary and wanton. Id. at ----, 111 S.Ct. at 2326.
 
 
 8
 Second, the actor must have the requisite mental state to cause the deprivation or infliction. Id. at ----, 111 S.Ct. at 2325. Two categories of scienter have been identified by the courts. One type is when the actor intended to punish the prisoner. See Id. at ----, 111 S.Ct. at 2324-26. The other category is when the actor's mental state so closely approached deliberateness that the actor can be said to have "intended" to punish. Id. The conduct that falls within the second category is that which shows total unconcern for a prisoner's safety, coupled with serious risk of harm to the prisoner. Total unconcern has been characterized as recklessness or deliberate indifference. See McGill v. Duckworth, Nos. 90-1845 & 90-1945, slip. op. at 5 (7th Cir. Sept. 17, 1991).
 
 
 9
 The test is whether the actor knew of the risk to the prisoner's safety, not whether the actor should have known, Wilson v. Seiter, --- U.S. at ----, 111 S.Ct. at 2325; and whether the act was performed because of the effect it would have rather than in spite of that effect. McGill v. Duckworth, slip op. at 5. As we have stated, "recklessness violates the eighth amendment only if the prison official had 'actual knowledge of impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it.' " McGill v. Duckworth, slip op. at 6, (quoting Duckworth v. Franzen, 780 F.2d 645, 652-53 (7th Cir.1985) cert. denied 479 U.S. 816, 107 S.Ct. 71 (1986)).
 
 
 10
 Mr. Harris does not allege that Mr. Horney acted with the actual intent to punish Mr. Harris by failing to issue him safety boots. Rather, we consider whether Mr. Horney had the required state of mind for recklessness or, the same thing, deliberate indifference. "A prisoner normally proves actual knowledge of impending harm by showing that he complained to prison officials about a specific threat." Id. at 9. Mr. Harris requested safety boots. These requests, under the circumstances, may be considered complaints of a specific threat. However, Mr. Harris failed to allege that Mr. Horney did not issue the boots because of a risk of danger, rather than failing to issue the boots in spite of a risk of danger. Therefore, Mr. Harris has not sufficiently alleged that Mr. Horney acted recklessly. McGill v. Duckworth, slip op. at 10. It is true that when Mr. Horney refused to issue safety boots to Mr. Harris upon the initial, verbal, request, he ordered Mr. Harris to "get out". This behavior was rude. However, rudeness does not violate the Eighth Amendment. On the second occasion when Mr. Harris requested boots, Mr. Harris completed a requisition form. This is the procedure by which boots are issued. Mr. Harris' opportunity to fill out a requisition defeats his ability to show under any set of facts that Mr. Horney was deliberately indifferent. We need not address the risk of danger that Mr. Harris faced, as the mental state requirement for an Eighth Amendment violation has not been fulfilled.
 
 
 11
 The case would be more difficult if Mr. Horney had stubbornly refused to issue the safety boots. He did not. Harris was permitted--before the accident--to fill out a requisition form. So far as appears, his failure to receive the boots was due to mischance rather than to anyone's punitive intent.
 
 
 12
 b. Appellee Calhoun
 
 
 13
 Ms. Calhoun did not examine or treat Mr. Harris' wound; however she questioned Mr. Harris about the burn, presumably to determine its severity. She then referred him back to the nurse's screening call line. Her actions were not so egregious that they can be considered deliberately indifferent. See Estelle v. Gamble, 429 U.S. at 106, 97 S.Ct. at 292 (a physician who has been negligent in diagnosis or treatment or a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment); see also Hughes v. Joliet Correctional Center, 931 F.2d at 427. Nor was Mr. Harris' injury a serious medical condition. The burn was approximately 1/2 inch wide by 3/4 inch long. (Appellate Record, Doc. 7, medical progress notes). It required only an antiseptic salve and a bandage. Id. Although burns can be painful, a small second-degree burn of this nature does not fulfill what a reasonable person would consider to be a serious medical condition. Thus, Mr. Harris' claim against Ms. Calhoun fails to fulfill either prong of the Estelle test, and was properly dismissed.
 
 B. The Remaining Claims
 
 14
 On appeal, Mr. Harris continues to assert his claim of involuntary servitude. Although a pro se appellant's brief is to be liberally construed, Federal Rule of Appellate Procedure 28(a)(4) requires some argument to properly raise issues on appeal. See John v. Barron, 897 F.2d 1387, 1393 (7th Cir.1990). Mr. Harris has failed to present and brief his arguments, therefore they are considered waived in this appeal.
 
 
 15
 For the foregoing reasons, the decision of the district court is
 
 
 16
 AFFIRMED.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [2]
 Mr. Harris makes no mention of the equal protection claim on appeal. Therefore, we consider this claim waived